IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIANA DELALUZ as next friend, heir, and/or personal representative of the estate of her deceased minor child, ISELA HUERTA CARRANZA,<br><br>      Plaintiff,<br><br>  v.<br><br>MANAGEMENT & TRAINING CORPORATION and JOHN DOES 1-10 (agents, employees, and/or contractors of Management & Training Corporation whose identities are currently unknown),<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br>Case No. 1:17-cv-16-CW-DBP<br><br>Judge Clark Waddoups |

  Defendant Management & Training Corp. ("MTC") removed this action to federal court and filed a Motion for Judgment on the Pleadings shortly thereafter. (Dkt. No. 6.) The parties briefed and argued the Motion, and submitted supplemental briefing at the court's request. (*See* Dkt. No. 17.)

  After the court took the Motion under advisement, the Tenth Circuit issued *City of Albuquerque v. Soto Enterprises, Inc.*, No. 16-2065, ___ F.3d ___, 2017 WL 3138363 (10th Cir. July 25, 2017), holding that a defendant waives its removal right by filing a motion to dismiss in state court. The court finds this binding precedent directly on point to this case, and concludes that MTC has waived its right to remove this action by having previously filed, argued, and received a decision on its motion to dismiss in state court. Therefore, the court **REMANDS** this case to state court.

1

**BACKGROUND**

This case arises out of Plaintiff Adriana Delaluz's negligence and slander action, brought on behalf of her deceased minor daughter, Isela Huerta Carranza, against MTC and unnamed others. Ms. Delaluz alleges that MTC's negligence in administering a job corps program in Clearfield, Utah, caused Isela's untimely death in March 2014.

On February 18, 2016, Ms. Delaluz filed her complaint in the Second Judicial District Court of the State of Utah, Davis County. (Dkt. No. 2-2 (Complaint).) MTC was served on February 23, 2016. (Dkt. No. 2-5, p. 4 (State District Court Documents).) On July 26, 2016, Ms. Delaluz amended her complaint. (*Id.* at 8-24 (First Amended Complaint (FAC)).) Shortly thereafter, on August 16, 2016, MTC filed a motion to dismiss the amended complaint. (*Id.* at 93.) MTC argued that the state district court should dismiss Ms. Delaluz's tort claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Utah Rules of Civil Procedure. (*Id.*) On December 16, 2016, the state court heard oral arguments on MTC's motion. (*Id.* at 91-92, 93.)

On January 4, 2017, Judge Kay of the Second District Court issued a written memorandum decision denying MTC's motion to dismiss and allowing Ms. Delaluz's negligence and slander claims to proceed. (*Id.* at 93-103.) On January 6, 2017, Ms. Delaluz filed her Second Amended Complaint, removing causes of action that she had stipulated to dismiss and fleshing out the general factual allegations in ways irrelevant to this decision. (Dkt. No. 2-3 (Second Amended Complaint (SAC)); *compare* Dkt. No. 2-5, pp. 8-24 (FAC).) Judge Kay noticed a Rule 16 hearing that same day. (Dkt. No. 2-5, pp. 104-05.) On January 24, 2017, MTC timely filed a petition for interlocutory appeal in the Utah Court of Appeals, challenging Judge Kay's order denying its motion to dismiss. (Dkt. No. 6-4.)

On January 31, 2017, after nearly a full year of litigation in state court, MTC removed the case to this court. (Notice of Removal, Dkt. No. 2.)[1] MTC alleges as grounds for removal that the action implicates this court's diversity jurisdiction. (*See id.*) According to MTC, Ms. Delaluz's Second Amended Complaint contains allegations regarding her and Isela's citizenship not present in the initial complaint.[2] Ms. Delaluz alleges that Isela was a citizen of Utah at her death and, because MTC is also a Utah citizen, the parties are nondiverse. (*See* SAC ¶¶ 4-8, Dkt. No. 2-3.) MTC contests these allegations, arguing that, because Isela was a minor at her death, Isela retains her mother's citizenship of Idaho, and she cannot be said to have emancipated herself from her mother or otherwise abandoned her Idaho citizenship. (*See* Notice of Removal ¶¶ 10-18; *see also* MTC's Br. re Subject Matter Jurisdiction, Dkt. No. 18.)

Ms. Delaluz did not move for remand and does not contest MTC's arguments on Isela's citizenship. She has stated that she simply prefers to move forward with this case, in either state or federal court, as quickly as possible. (*See* Dkt No. 19.)

On February 2, 2017, MTC moved for judgment on the pleadings. (Dkt. No. 6.) After a hearing, the court requested supplemental briefing on the question of Isela's citizenship and took the motion under advisement. (Dkt. No. 17.)[3]

---

[1] Upon notice of MTC's removal to federal court, the Utah Court of Appeals dismissed MTC's petition for interlocutory appeal without prejudice. *See Delaluz v. Management and Training Co.*, Case No. 20170069-CA (Utah Ct. App. Feb. 6, 2017) (unpublished). The court noted that MTC could refile the petition if this court were to remand the case. *Id.*

[2] The court notes that while the relevant citizenship allegations were not present in the initial complaint, they were pled in the First Amended Complaint, filed in July 2016. (*Compare* Dkt. No. 2-2 *with* Dkt. No. 2-5, pp. 8-24.) Thus, MTC was aware of these allegations well before removal on January 31, 2017.

[3] Prior to the hearing on the Motion, the court requested the parties brief the issue of whether MTC's removal was proper and timely under 28 U.S.C. § 1446(b). (Dkt. No. 16.) At the hearing, MTC cited the court to persuasive law holding that remand based on statutory procedural defects in removal is waived if the plaintiff does not timely move for remand under 28 U.S.C. § 1447(c). *See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 755–56

## ANALYSIS

"A case originally filed in state court may be removed to federal court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011)). The court must always assure itself of its jurisdiction over an action, even when the parties do not raise it, because "[f]ederal courts are courts of limited jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). As the party invoking this court's jurisdiction, MTC has the burden to show a basis for jurisdiction exists here. *Id.*

MTC argues the court has jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the relevant threshold amount is at issue. (*See* MTC's Br. re Subject Matter Jurisdiction, Dkt. No. 18.) Ms. Delaluz does not contest the jurisdictional facts or legal arguments MTC presents. On this record, the court finds MTC has demonstrated that Isela's citizenship properly remains located in Idaho and that the parties are therefore diverse, despite contrary allegations in the Second Amended Complaint.

Though the court is satisfied that it has subject matter jurisdiction, the procedural posture of this case raises a non-jurisdictional issue: whether MTC waived its removal right by participating extensively in state court proceedings for nearly a year before removal.

"Waiver by participation . . . concerns the situation where a defendant has participated in the state court before seeking removal." *Soto Enterprises*, 2017 WL 3138363, at *3. "[A]s a procedural, common-law limitation, waiver by participation doesn't implicate subject-matter

---

(10th Cir. 2004) (unpublished); *Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1346 (D. Utah 2005); *see also Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269–70 (10th Cir. 2016) (noting that "[u]ntimeliness is a 'statutory flaw,' not a 'jurisdictional defect'" (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996))). In this case, Ms. Delaluz did not move for remand and did not object to removal on any procedural grounds. Therefore, the court finds Ms. Delaluz has waived any argument as to procedural defects under the removal statute.

jurisdiction" or statutory defects in removal under 28 U.S.C. § 1447(c). *Id.* at *3, *6. Instead, a district court retains "inherent power to remand" a case based on a defendant's waiver by participation in state court proceedings. *Id.* at *7, n.12. (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 (11th Cir. 1999)).

"Generally, a defendant waives removal 'by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.'" *Id.* at *7 (quoting *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026–27 (8th Cir. 2015)). "This waiver must be clear and unequivocal." *Id.*

In *Soto Enterprises*, the Tenth Circuit concluded that defendant Soto had waived its removal right by filing a motion to dismiss in state court a mere hour and twenty minutes before filing its notice of removal. *Id.* at *1, *7. Though Soto had not sought a hearing on the motion, its conduct in filing the motion seeking the state court's adjudication of the substantive merits of the plaintiff's claims "showed its *objective* intent to remain in state court" and "foreclosed its removal right." *Id.* at *7. The Circuit pronounced the wavier rule as follows:

> We hold that when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a "clear and unequivocal" intent to submit the case to the state court's jurisdiction, and thus waives removal. We favor a bright-line rule to avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations.

*Id.* at *8. The Circuit also crafted an exception, stating that wavier would not be found where a state's procedural rules compelled a defendant's state-court participation. *Id.* The Circuit found "potential harm to defendants" salient to the application of the exception. *Id.* For example, if on remand a defendant would lose its opportunity to file a motion to

5

dismiss due to the workings of a state procedural rule, the court would not apply the wavier rule. *Id.*

In light of the holding in *Soto Enterprises*, the waiver rule's application to this case is straightforward. The record of state court proceedings prior to MTC's removal forcefully leads to the conclusion that MTC clearly and unequivocally waived its removal right by filing and pursuing its motion to dismiss in the state court prior to removal. MTC's motion challenged, at least partly, the merits of the same claims it now challenges in this court. MTC pursued the motion to its completion: the parties' briefed the issues, including substantive challenges to Ms. Delaluz's tort claims, the state court scheduled and held a hearing on the motion, and ultimately ruled on the motion, and MTC filed an appeal. The court finds the timing of MTC's removal significant here. Despite being aware of the factual allegations (or inaccuracies) that triggered removal well before it did so, MTC removed this case only *after* it received an unfavorable decision in the state court and petitioned for interlocutory appeal in the state court of appeals.

The exception identified in *Soto Enterprises* does not forestall the waiver rule's application to this case. Utah's civil rules required MTC to file an answer with defenses within 21 days of service of the summons within the state, or any motion making defenses "before pleading if a further pleading is permitted." *See* Utah R. Civ. P. 12(a) & (b). Thus, on its face, Utah's rule appears to compel MTC's participation in state court before the federal 30-day removal period runs. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days after service of the complaint or summons). Review of the state court record confirms that the rule, as applied, may have contravened MTC's 30-day federal removal period: MTC was served in February 2016, and Judge Kay granted the parties' stipulated motion to extend MTC's responsive pleading deadline until twenty-one days after Ms. Delaluz chose to amend her complaint. (*See* Dkt. No. 2-

5, pp. 5-6.) Ms. Delaluz amended her complaint in July 2016, pleading the jurisdictional facts (or inaccuracies) on which MTC later based its removal. MTC filed its motion to dismiss in August 2016, within the twenty-one day period.

*Soto Enterprises* discussed an Eleventh Circuit case that faced the application of a similar rule. 2017 WL 3138363, at *8. In *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir. 2004), the Eleventh Circuit expressed concern that Florida's 20-day requirement for filing motions to dismiss resulted in a "quandary" for defendants who filed for removal in a timely manner but found themselves remanded to state court with no time left to file a motion to dismiss. *Id.* at 1246.[4] The *Yusefzadeh* court recognized that the defendant had complied with the state court rule by filing his responsive brief in state court and then "swiftly" removing to federal court. *Id.* at 1246–47. The defendant "did not schedule a hearing on his motions to dismiss prior to seeking removal and the state court had not ruled on his motions to dismiss prior to his removing the case." *Id.* at 1247. In those circumstances, the court found the defendant had not taken "substantial offensive or defensive actions in state court" and, therefore, had not waived his removal right. *Id.*

Although the Utah rule acts to create a similar "quandary" as the Florida rule, MTC elected to take substantial offensive and defensive action in the state court and did not, in any sense, "swiftly" or immediately remove to federal court. As discussed, MTC filed the motion to dismiss, participated in briefing and oral arguments, received the state court's ruling on the merits, and initiated an interlocutory appeal—all before seeking to remove the action.

---

[4] No such procedural rule acted in *Soto Enterprises* because New Mexico's rule did not require Soto to file a motion to dismiss before the 30-day removal period had expired. 2017 WL 3138363, at *8. Moreover, Soto had not been served prior to removal, so the removal clock had not started running. *Id.* Thus, the Tenth Circuit distinguished *Yusefzadeh* from the case before it.

The court finds these circumstances vastly different from those in *Yusefzadeh*. Importantly, MTC would not lose its chance to file a motion to dismiss in the state court because it already took that opportunity, and followed it through to completion. *Compare Soto Enterprises*, 2017 WL 3138363, at *8 (noting that the exception might apply where a defendant would lose its ability to file a motion to dismiss after remand due to the application of a state procedural rule). The court cannot fathom what harm will come to MTC if this case is remanded. Indeed, MTC can refile its interlocutory appeal and seek the same relief it requests here, but on direct review rather than in a parallel proceeding essentially challenging the state court's order denying its motion to dismiss. In these circumstances, the court determines that the exception identified in *Soto Enterprises* does not apply.

## CONCLUSION

In sum, the court finds that MTC waived its right to remove this action to federal court by pursuing a motion to dismiss in state court and submitting the merits of Ms. Delaluz's tort claims to the state court, thereby soliciting and receiving the state court's adjudication of substantive issues before MTC's belated removal. While MTC was obviously free to make those strategic decisions in state court, at this stage of the proceedings, MTC must live with the consequences of those decisions.

Accordingly, the court **REMANDS** the matter to the state court. Because of this result, MTC's Motion for Judgment on the Pleadings, (Dkt. No. 6), is **MOOT**.

DATED this 15th day of August, 2017.

BY THE COURT:

CLARK WADDOUPS
United States District Judge